| | | |
|---|---|---|
| ANDREW McKEVITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| CAPITAL ALLIANCE GROUP, | ) | JURY DEMAND |
| CAPITAL ALLIANCE PARTNERS, LLC, | ) | |
| NARIN CHARANVATTANAKIT aka | ) | |
| NARIN CHARAN and | ) | |
| MARK MENDOZA | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Andrew McKevitz, through counsel, to file this complaint, and states as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff Andrew McKevitz was at all times mentioned herein a citizen and resident of Maryville, Blount County, Tennessee.

2. Defendant Capital Alliance Group is a company incorporated in California, with its principle place of business and headquarters at 1950 East 17th, 3rd Floor, #300, Santa Ana, Orange County, California 92705. Its registered agent for service of process is Registered Agent: Business Filings Incorporated, 818 West 7th Street, Suite 930, Los Angeles,

1

California 90017. Capital Alliance Group is not registered to do business in the state of Tennessee.

3. Defendant Capital Alliance Partners, LLC is a California limited liability company, with its principle place of business and headquarters at 1950 East 17th, 3rd Floor, #300, Santa Ana, Orange County, California 92705. Its registered agent for service of process is Registered Agent: Business Filings Incorporated, 818 West 7th Street, Suite 930, Los Angeles, California 90017. Capital Alliance Partners, LLC is not registered to do business in the state of Tennessee.

4. Defendant Narin Charanvattanakit aka Narin Charan is a member, owner, officer, director and agent for Capital Alliance Group and Capital Alliance Partners LLC. He may be served at 1950 East 17th, 3rd Floor, #300, Santa Ana, Orange County, California 92705.

5. Defendant Mark Mendoza is a member, owner, officer, director and agent for Capital Alliance Group and Capital Alliance Partners LLC. He may be served at 1950 East 17th, 3rd Floor, #300, Santa Ana, Orange County, California 92705.

6. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 in that this actions arises under a United States federal statute, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*,

2

("TCPA"). The TCPA specifically authorizes this Court to exercise jurisdiction.

7. This Court has personal jurisdiction and venue over the Defendants because Defendants transacted business within this judicial district, having made contacts within this judicial district, and/or have committed tortious acts within this judicial district.

## Facts

8. Plaintiff Andrew McKevitz ("McKevitz") brings this Complaint for damages relating to violations of the Telephone Consumer Protection Act, 47 U.S.C § 227 *et seq.*, ("TCPA"), resulting from illegal actions of the Defendants, in negligently, and/or willfully contacting Plaintiff through "robocalls" (calls using an automatic telephone-dialing system without prior express consent) and/or other means.

9. Defendants Capital Alliance Group and Capital Alliance Partners, LLC engaged in telemarketing utilizing robocalls and other forms of telephone solicitation that violated Mr. McKevitz's privacy rights pursuant to the TCPA.

10. Defendants Narin Charanvattanakit aka Narin Charan ("Charan") and Mark Mendoza ("Mendoza") personally directed the violations of the

3

TCPA for their own benefit and are thus personally liable for the violations.

11. Mr. McKevitz also brings an action against Defendant Defendant Narin Charanvattanakit aka Narin Charan ("Charan") for libel based upon a knowingly false statement with reckless disregard to the truth in a Facebook post.

**Violations of Telephone Consumer Protection Act based on Robocalls**

12. Defendants deliberately decided to engage in bulk marketing by using an automatic telephone-dialing system to place robocalls to potential customers.

13. Unlike standard advertising methods, bulk advertising by use of robocalls cost recipients money, because cellular telephone users typically pay for their cell phone service.

14. Over the course of an extended period beginning no later than April of 2015, Defendants and its agents directed a mass transmission of robocalls to cell phones of persons they hoped were potential customers of Defendants' services.

15. On or about April 13, 2015, Mr. McKevitz received an unsolicited robocall from Defendants to his wireless telephone in Tennessee. Mr. McKevitz has previously registered his cellular telephone number ending in -5310 on

4

the National Do-Not-Call List in order to eliminate telemarketing calls. It stated that the call was from Capital Alliance and was soliciting lending services.

16. Mr. McKevitz received twenty-three (23) additional calls from Defendants and/or their agents on May 14, 2015, May 18, 2015, May 21, 2015, June 5, 2015, October 2, 2015, October 9, 2015, December 4, 2015, March 22, 2016, June 27, 2016, January 27, 2017, February 9, 2017, April 6, 2017, May 2, 2017, May 4, 2017, June 13, 2017, June 21, 2017, July 26, 2017, September 1, 2017, October 2, 2017, November 3, 2017, November 29, 2017 and November 30, 2017.

17. Plaintiff provided no consent to receive these calls, which were made by Defendants in an effort to promote the sale of lending services.

18. The unsolicited phone calls were placed to Mr. McKevitz's cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

19. "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

5

20. "The term 'telephone soliciation' means the initiation of a telephone call or message for the purpose of encouraging the or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227(a)(4).

21. The telephone numbers to which the Defendants, or its agents, placed the robocalls were assigned to cellular telephone services pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

22. Mr. McKevitz did not provide the Defendants or its agents express consent to receive unsolicited robocalls pursuant to 47 U.S.C. § 227(b)(1)(B).

23. The calls by Defendants or its agents therefore violated 47 U.S.C. § 227(b)(1).

24. Each such robocall was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or a system that otherwise qualified as an automatic telephone dialing system under the TCPA. By using such equipment, Defendants were able to effectively place thousands

6

of robocalls to thousands of wireless phone numbers of consumers without human intervention. These calls were made without prior consent of Mr. McKevitz.

25. The foregoing acts and omissions of Defendants and its agents violated 47 U.S.C. § 227 *et seq.*

26. As a result of the violations of 47 U.S.C. § 227 *et seq.*, Mr. McKevitz is entitled to an award of $500.00 in statutory damages for each violation pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Upon information and belief, Defendants' violations of TCPA were willful and/or knowing. Accordingly, should the Court find that the violations were willful rather than negligent, Mr. McKevitz is entitled to have the award increased to an amount not more than three (3) times the $500.00 liquidated damages amount, or $1,500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B and C).

**Violations of Telephone Consumer Protection Act based on Subscriber Privacy Rights**

28. TCPA provides additional statutory damages based upon subscriber privacy rights pursuant to 47 U.S.C. § 227(c).

29. During the early 1990's, Congress passed the TCPA that set up a national database to list telephone numbers that did not want to receive

7

solicitation calls pursuant to 47 U.S.C. § 227(c)(3). As discussed *supra*, Mr. McKevitz registered his cell number on the National Do-Not-Call list years before he received the first solicitation call from the Defendants.

30. Defendants ignored the readily available National Do-Not-Call list and proceeded to solicit Mr. McKevitz on 24 separate occasions.

31. The recipient of a telemarketing call, regardless of the call being a robocall or placed an actual person, has a private right of action when more than one telephone solicitation occurs within any 12-month period pursuant to 47 U.S.C. 227(c)(5). This action is independent of the abovementioned auto-dialer and provides additional damages.

32. Here, the Defendants, or its agents, initiated telephone solicitation on 24 separate occasions from April 13, 2015 to November 30, 2017. The time between the numerous solicitations was less than 12 months. Therefore, Defendants violated the Act on 24 separate occasions.

33. A defense to this particular private right of action is for the telemarketer to establish and implement, "with due care, reasonable practices and procedures to effectively prevent telephone solicitations" pursuant to 47 U.S.C. 227(c)(5)(C). Typically, reasonable practices include the solicitor developing its own do-not-call list for the robocall equipment

8

and the live callers. However, Defendants have a track record of ignoring due care with its practices and procedures.

34. In *Bee, Denning, Inc., et al v. Capital Alliance and Narin Charanvattanikit*, United States District Court, Southern District of California docket # 3:13-cv-02654 (a class action lawsuit against Capital Alliance Group and Mr. Charan also relating to violations of TCPA that was settled), the Court ruled as part of the settlement that the Defendants shall:

a. Establish written procedure of TCPA compliance;

b. Conduction annual training sessions directed to TCPA compliance;

c. Maintain a list of telephone numbers of persons who request not to be contacted;

d. Subscribe to a version of the National Do-Not-Call registry obtained no more than three months prior to the date any call is made (with records documenting such compliance);

e. Establish internal processes to ensure that successors do not sell, rent, lease, purchase or use the do-not-call list database in any manner except in compliance with TCPA regulations;

f. Scrub for cellular telephones before making autodialed calls or calls made with an artificial voice or use of prerecorded messages;

9

g. Not call cellular telephones prior to receipt of the express written permission of the intended recipient, including the intended recipient's signature;

h. All prerecorded messages, whether delivered by automated dialing equipment or not, must identify the Defendants or any successor entity, and specific "d/b/a" as an entity responsible for initiating the call, along with the telephone number that can be used during normal business hours to ask not to be called again;

i. All fax transmissions that include "unsolicited advertisements" as defined in 47 U.S.C. 227(a)(4) must be preceded by a receipt of express written permission of the intended recipient, including intended recipient's signature; and,

j. Successors must maintain records demonstrating that recipients have provided such express permission to send fax advertisements.

(See Document 81 of *Bee, Denning, Inc., et al v. Capital Alliance Group and Narin Charanvattanikit*, Order Granting Motion for Final Approval of Class Action Settlement and Motion for Attorney Fees and Incentive Awards, filed November 18, 2016).

35. Mr. McKevitz has received telephone solicitation from the Defendants from mid-2015 to late-2017. The abovementioned Order in the *Bee,*

*Denning, Inc.* matter was filed on November 11, 2016. The Defendants continued to solicit Mr. McKevitz for over a year after the California Court ordered them to adhere to reasonable practices and procedures in order to eliminate illegal telephone solicitations.

36. In addition, Mr. McKevitz, personally and through counsel, asked the Defendants on several occasions, without success, to provide documentation of their telephone solicitation practices and procedures. Obviously, the Defendants have ignored the specific requirements in the *Bee, Denning, Inc.* order of settlement.

37. The damages are $500.00 for each illegal call pursuant to 47 U.S.C. 227(c)(5)(B). The court may treble the damages up to $1,500.00 for willful and knowing violations which, in light of the abovementioned, the Defendants are certainly performing willful and knowing violations of Mr. McKevitz's privacy rights. Therefore, the Court should treble the damages for each illegal solicitation pursuant to 47 U.S.C. 227(c)(5)(C).

### Narin Charanvattanakit's Defamation of Andrew McKevitz

38. Mr. Charan posted the following libelous comment on the "Stephen H. Byrd, Attorney-at-Law" Facebook page on January 4, 2018 (Exhibit 1):

"Stephen H. Byrd and Andrew McKevitz of Montvale Air Park abuse the legal process and employ extortion and harassment tactics

11

for profit. They systematically leverage the cost and inconvenience of the legal process to force business owners to pay money for frivolous claims. Please contact me for details".

39. This written publication falsely accuses Mr. McKevitz of being an extortionist and one that practices harassment. In addition, the post encourages others to contact Mr. Charan so he can further slander Mr. McKevitz.

40. Mr. Charan recklessly disregarded the truth with these attacks on Mr. McKevitz's character. The post was intended to harm Mr. McKevitz's reputation by lowering him in the estimation of the community and by detering third persons from associating or dealing with him. In addition, Mr. Charan intended to prejudice Mr. McKevitz's trade and business by intentionally mentioning his involvement with Montvale Air Park.

41. Plaintiffs believe that this libelous post was in fact posted by Defendant Narin Charanvattanakit aka Narin Charan. The Facebook name that created the post was "Narin Charan." Mr. Charan admitted that his alias is "Naran Charan" in document 14 of *David Meyer, et al. v. Capital Alliance Group, et al*, United States District Court, Southern District of California, 14-cv-2405 (another class action lawsuit against Mr. Charan also relating to violations of TCPA that was settled). In

12

addition, the "Naran Charan" Facebook page lists www.CapitalAlliance.com as a related website, which is the website for Defendant Capital Alliance Group (Exhibit 2).

PREMISES CONSIDERED, Plaintiff Andrew McKevitz demands this Honorable Court to award:

42. Damages of $36,000.00 based upon use of an automatic telephone dialing system.

43. Damages of $36,000.00 based upon violations of subscriber privacy rights.

44. Damages of $100,000.00 against Defendant Narin Charanvattanakit aka Narin Charan for the tort of libel against Plaintiff Andrew McKevitz.

45. Damages for all violations total $172,000.00.

46. Pre-judgment and post-judgment interest.

47. Court costs and other litigation expenses.

48. Plaintiff request further and general relief in law and equity that the Court deems appropriate.

Respectfully submitted this 26th day of March, 2018.

Stephen H. Byrd (BPR #030014)
9051 Executive Park Drive, Suite 200
Knoxville, TN 37923

13

865-250-1968
BunkyByrd@gmail.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee ▼

| | |
|---|---|
| Andrew McKevitz<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Capital Alliance Group<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Business Filings Incorporated, Registered Agent
818 West 7th Street, Suite 930
Los Angeles, California 90017

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Stephen H. Byrd, Attorney at Law
9051 Executive Park Drive, Suite 200
Knoxville, Tennessee 37923

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____      _____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Capital Alliance Group

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

Stephen H. Byrd, Plaintiff's Attorney
*Printed name and title*

9051 Executive Park Drive
Suite 200
Knoxville, Tennessee 37923

*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee ▼

| | |
|---|---|
| Andrew McKevitz | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )     Civil Action No. |
| Capital Alliance Partners, LLC | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Business Filings Incorporated, Registered Agent
818 West 7th Street, Suite 930
Los Angeles, California 90017

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

        Stephen H. Byrd, Attorney at Law
        9051 Executive Park Drive, Suite 200
        Knoxville, Tennessee 37923

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____         _____
                                      *Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Capital Alliance Partners, LLC

was received by me on *(date)*                              .

☐ I personally served the summons on the individual at *(place)*

on *(date)*                     ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                  , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*                                    , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                    ; or

☐ I returned the summons unexecuted because                                        ; or

☐ Other *(specify):*

My fees are $                   for travel and $                 for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

Stephen H. Byrd, Plaintiff's Attorney
*Printed name and title*

9051 Executive Park Drive
Suite 200
Knoxville, Tennessee 37923

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee ▼

| | |
|---|---|
| Andrew McKevitz | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )     Civil Action No. |
| Narin Charanvattanakit aka Narin Charan | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* 1950 East 17th, 3rd Floor, # 300
Santa Ana, California 90705

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

         Stephen H. Byrd, Attorney at Law
         9051 Executive Park Drive, Suite 200
         Knoxville, Tennessee 37923

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

                               _____
                                 *Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  Narin Charanvattanakit aka Narin Charan

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

Stephen H. Byrd, Plaintiff's Attorney
*Printed name and title*

9051 Executive Park Drive
Suite 200
Knoxville, Tennessee 37923
_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee ▼

| | | |
|---|---|---|
| Andrew McKevitz | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| Mark Mendoza | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* 1950 East 17th, 3rd Floor, # 300
Santa Ana, California 90705

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:      Stephen H. Byrd, Attorney at Law
9051 Executive Park Drive, Suite 200
Knoxville, Tennessee 37923

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  Mark Mendoza

was received by me on *(date)*                              .

❑ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____         _____
                                        *Server's signature*

                                Stephen H. Byrd, Plaintiff's Attorney
                                _____
                                        *Printed name and title*

                                    9051 Executive Park Drive
                                            Suite 200
                                    Knoxville, Tennessee 37923
                                _____
                                        *Server's address*

Additional information regarding attempted service, etc:

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Andrew McKevitz

**DEFENDANTS**
Capital Alliance Group, et al

**(b)** County of Residence of First Listed Plaintiff **Blount**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Los Angeles County, CA**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen H. Byrd, 865-250-1968
9051 Executive Park Drive, Suite 200, Knox, TN 37923

Attorneys *(If Known)*

1

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227
Brief description of cause:
Violations of Telephone Consumer Protection Act and Libel

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 172,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 03/26/2018

SIGNATURE OF ATTORNEY OF RECORD
*Stephen H Byrd*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____