# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ANDREW McKEVITZ, <br><br>          Plaintiff, <br><br> v. <br><br> CAPITAL ALLIANCE GROUP, CAPITAL ALLIANCE PARTNERS, LLC, NARIN CHARANVATTANAKIT aka NARIN CHARAN and MARK MENDOZA <br><br>          Defendant. | Case No: 3:18-cv-00131-JRG-HBG <br><br> Hon. Judge J. Ronnie Greer <br> Hon. Mag. H. Bruce Guyton |

## DEFENDANTS' JOINT ANSWER TO COMPLAINT

Defendants Capital Alliance Group, Capital Alliance Partners, LLC, Narin Charanvattanakit aka Narin Charan and Mark Mendoza (collectively "Defendants"), by and through its undersigned attorneys, for its Answer to the Complaint filed on March 27, 2018 (Dkt No. 1) by Plaintiff Andrew McKevitz, now respectfully answers, alleges and follows as set forth below. Defendants expressly deny any allegations which they do not expressly admit or qualify below.

Paragraph No. 1: Plaintiff Andrew McKevitz was at all times mentioned herein a citizen and resident of Maryville, Blount County, Tennessee.

**ANSWER**: In response to the allegations of paragraph 1, Defendants, and each of them, are without sufficient knowledge or information to form a belief as to the truth or falsity of this paragraph, and on that basis deny those allegations.

Paragraph No. 2: Defendant Capital Alliance Group is a company incorporated in California, with its principle place of business and headquarters at 1950 East 17th, 3rd Floor,

#300, Santa Ana, Orange County, California 92705. Its registered agent for service of process is Registered Agent: Business Filings Incorporated, 818 West 7th Street, Suite 930, Los Angeles, California 90017. Capital Alliance Group is not registered to do business in the state of Tennessee.

**ANSWER**: In response to the allegations of paragraph 2, Defendants, and each of them, admit that Defendant Capital Alliance Group is a California Corporation with its principal place of business and headquarters at 1950 East 17th Street, Suite 300, Santa Ana, Orange County, California 92705. Defendants, and each of them, further admit that Capital Alliance Group's agent for service of process is Business Filings Incorporated. Defendants, and each of them, further admit that Capital Alliance Group is not registered to do business in the state of Tennessee because it does not "transact business" within the State of Tennessee.

Paragraph No. 3: Defendant Capital Alliance Partners, LLC is a California limited liability company, with its principle place of business and headquarters at 1950 East 17th, 3rd Floor, #300, Santa Ana, Orange County, California 92705. Its registered agent for service of process is Registered Agent: Business Filings Incorporated, 818 West 7th Street, Suite 930, Los Angeles, California 90017. Capital Alliance Partners, LLC is not registered to do business in the state of Tennessee.

**ANSWER**: In response to the allegations of paragraph 3, Defendants, and each of them, admit that Defendant Capital Alliance Partners LLC is a California Limited Liability Company with its principal place of business and headquarters at 1950 East 17th Street, 3rd Floor # 300, Santa Ana, Orange County, California 92705. Defendants, and each of them, further admit that Capital Alliance Partners LLC's agent for service of process is Business Filings Incorporated.

Defendants, and each of them, further admit that Capital Alliance Partners LLC is not registered to do business in the state of Tennessee because it does not "transact business" within the State of Tennessee.

Paragraph No. 4: Defendant Narin Charanvattanakit aka Narin Charan is a member, owner, officer, director and agent for Capital Alliance Group and Capital Alliance Partners LLC. He may be served at 1950 East 17th, 3rd Floor, #300, Santa Ana, Orange County, California 92705.

**ANSWER**: In response to the allegations of paragraph 4, Defendants, and each of them, admit that Narin Charanvattanakit is an officer and shareholder of Capital Alliance Group, and further admit that Narin Charanvattanakit is an officer and shareholder of Capital Alliance Partners LLC. Defendants, and each of them, further admit that Narin Charanvattanakit sometimes goes by the name Narin Charan. Defendants, and each of them, deny all remaining allegations of this paragraph.

Paragraph No. 5: Defendant Mark Mendoza is a member, owner, officer, director and agent for Capital Alliance Group and Capital Alliance Partners LLC. He may be served at 1950 East 17th, 3rd Floor, # 300, Santa Ana, Orange County, California 92705.

**ANSWER**: In response to the allegations of paragraph 5, Defendants, and each of them, admit that Mark Mendoza is an officer and shareholder of Capital Alliance Group, and further admit that Mark Mendoza is an an officer and shareholder of Capital Alliance Partners LLC. Defendants, and each of them, deny all remaining allegations of this paragraph.

Paragraph No. 6: This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 in that this actions arises under a United States federal statute, specifically the Telephone

Page 3 of 24

Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"). The TCPA specifically authorizes this Court to exercise jurisdiction.

ANSWER: The allegations of paragraph 6 addressing subject matter jurisdiction and state legal conclusions to which no response is necessary. To the extent a response is deemed to be required, Defendants, and each of them, admit Plaintiff invokes this Court's jurisdiction pursuant to 47 U.S.C. § 227(b), but deny pendant jurisdiction over Plaintiff's state law claim(s). Defendants, and each of them, further deny any violation of the TCPA, deny any allegation of wrongdoing.

Paragraph No. 7: This Court has personal jurisdiction and venue over the Defendants because Defendants transacted business within this judicial district, having made contacts within this judicial district, and/or have committed tortious acts within this judicial district.

ANSWER: In response to the allegations of paragraph 7, Defendants, and each of them, deny this Court has personal jurisdiction over them, and further deny that Defendants, or any of them, "reside" in this District or that venue is proper in the Eastern District of Tennessee. Defendants are filing a motion to transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404(a).

Paragraph No. 8: Plaintiff Andrew McKevitz ("McKevitz") brings this Complaint for damages relating to violations of the Telephone Consumer Protection Act, 47 U.S.C § 227 et seq., ("TCPA"), resulting from illegal actions of the Defendants, in negligently, and/or willfully contacting Plaintiff through "robocalls" (calls using an automatic telephone-dialing system without prior express consent) and/or other means.

**ANSWER**: In response to the allegations of paragraph 8, Defendants, and each of them, admit only that Plaintiff purports to bring this action under the TCPA. Defendants, and each of them, deny they violated the TCPA, deny Plaintiff is entitled to the relief he seeks or any relief whatsoever, and deny all remaining allegations of paragraph 8.

Paragraph No. 9: Defendants Capital Alliance Group and Capital Alliance Partners, LLC engaged in telemarketing utilizing robocalls and other forms of telephone solicitation that violated Mr. McKevitz's privacy rights pursuant to the TCPA.

**ANSWER**: In response to the allegations of paragraph 9, Defendants, and each of them, admit only that Defendant Capital Alliance Group engages in telemarketing. Defendants, and each of them, deny that Capital Alliance Partners LLC engages in telemarketing or any form of telephone solicitation. Defendants, and each of them, deny that any of them utilize robocalls, or that any of them violated Mr. McKevitz's privacy rights, under the TCPA or otherwise, and deny all remaining allegations of paragraph 9.

Paragraph No. 10: Defendants Narin Charanvattanakit aka Narin Charan ("Charan") and Mark Mendoza ("Mendoza") personally directed the violations of the TCPA for their own benefit and are thus personally liable for the violations.

**ANSWER**: In response to the allegations of paragraph 10, Defendants, and each of them, deny.

Paragraph No. 11: Mr. McKevitz also brings an action against Defendant Defendant Narin Charanvattanakit aka Narin Charan ("Charan") for libel based upon a knowingly false statement with reckless disregard to the truth in a Facebook post.

**ANSWER**: In response to the allegations of paragraph 11, Defendants, and each of them, admit only that Plaintiff purports to bring an action for libel, and deny all remaining allegations of paragraph 11.

Paragraph No. 12: Defendants deliberately decided to engage in bulk marketing by using an automatic telephone-dialing system to place robocalls to potential customers.

**ANSWER**: In response to the allegations of paragraph 12, Defendants, and each of them, deny.

Paragraph No. 13: Unlike standard advertising methods, bulk advertising by use of robocalls cost recipients money, because cellular telephone users typically pay for their cell phone service.

**ANSWER**: In response to the allegations of paragraph 13, Defendants, and each of them, are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefore deny those allegations.

Paragraph No. 14: Over the course of an extended period beginning no later than April of 2015, Defendants and its agents directed a mass transmission of robocalls to cell phones of persons they hoped were potential customers of Defendants' services.

**ANSWER**: In response to the allegations of paragraph 14, Defendants, and each of them, deny.

Paragraph No. 15: On or about April 13, 2015, Mr. McKevitz received an unsolicited robocall from Defendants to his wireless telephone in Tennessee. Mr. McKevitz has previously registered his cellular telephone number ending in -5310 on the National Do-Not-Call List in

order to eliminate telemarketing calls. It stated that the call was from Capital Alliance and was soliciting lending services.

**ANSWER**: In response to the allegations of paragraph 15, Defendants, and each of them, deny.

Paragraph No. 16: Mr. McKevitz received twenty-three (23) additional calls from Defendants and/or their agents on May 14, 2015, May 18, 2015, May 21, 2015, June 5, 2015, October 2, 2015, October 9, 2015, December 4, 2015, March 22, 2016, June 27, 2016, January 27, 2017, February 9, 2017, April 6, 2017, May 2, 2017, May 4, 2017, June 13, 2017, June 21, 2017, July 26, 2017, September 1, 2017, October 2, 2017, November 3, 2017, November 29, 2017 and November 30, 2017.

**ANSWER**: In response to the allegations of paragraph 15, Defendants, and each of them, deny.

Paragraph No. 17: Plaintiff provided no consent to receive these calls, which were made by Defendants in an effort to promote the sale of lending services.

**ANSWER**: In response to the allegations of paragraph 17, Defendants, and each of them, deny.

Paragraph No. 18: The unsolicited phone calls were placed to Mr. McKevitz's cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(l).

**ANSWER**: In response to the allegations of paragraph 18, Defendants, and each of them, deny.

Paragraph No. 19: The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

**ANSWER**: The allegations of paragraph 19 state legal conclusions to which no response is necessary. To the extent a response is deemed to be required, Defendants admit that 47 U.S.C. § 227(a)(5) (2018) so states.

Paragraph No. 20:  "The term 'telephone solicitation' means the initiation of a telephone call or message for the purpose of encouraging the or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227(a)(4).

**ANSWER**: The allegations of paragraph 20 state legal conclusions to which no response is necessary. To the extent a response is deemed to be required, Defendants admit that 47 U.S.C. § 227(a)(4) (2018) so states.

Paragraph No. 21: The telephone numbers to which the Defendants, or its agents, placed the robocalls were assigned to cellular telephone services pursuant to 47 U.S.C. § 227(b)(l)(A)(iii).

**ANSWER**: In response to the allegations of paragraph 21, Defendants, and each of them, deny.

Paragraph No. 22: Mr. McKevitz did not provide the Defendants or its agents express consent to receive unsolicited robocalls pursuant to 47 U.S.C. § 227(b)(1)(B).

**ANSWER**: In response to the allegations of paragraph 22, Defendants, and each of them, deny.

Paragraph No. 23: The calls by Defendants or its agents therefore violated 47 U.S.C. § 227(b)(l).

**ANSWER**: In response to the allegations of paragraph 23, Defendants, and each of them, deny.

Paragraph No. 24: Each such robocall was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or a system that otherwise qualified as an automatic telephone dialing system under the TCPA. By using such equipment, Defendants were able to effectively place thousands of robocalls to thousands of wireless phone numbers of consumers without human intervention. These calls were made without prior consent of Mr. McKevitz.

**ANSWER**: In response to the allegations of paragraph 24, Defendants, and each of them, deny.

Paragraph No. 25: The foregoing acts and omissions of Defendants and its agents violated 47 U.S.C. § 227 *et seq.*

**ANSWER**: In response to the allegations of paragraph 25, Defendants, and each of them, deny.

Paragraph No. 26: As a result of the violations of 47 U.S.C. § 227 et seq., Mr. McKevitz is entitled to an award of $500.00 in statutory damages for each violation pursuant to 47 U.S.C. § 227(b)(3)(B).

**ANSWER**: In response to the allegations of paragraph 26, Defendants, and each of them, deny.

Paragraph No. 27: Upon information and belief, Defendants' violations of TCPA were willful and/or knowing. Accordingly, should the Court find that the violations were willful rather than negligent, Mr. McKevitz is entitled to have the award increased to an amount not more than three (3) times the $500.00 liquidated damages amount, or $1,500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B and C).

**ANSWER**: In response to the allegations of paragraph 27, Defendants, and each of them, deny.

Paragraph No. 28: TCPA provides additional statutory damages based upon subscriber privacy rights pursuant to 47 U.S.C. § 227(c).

**ANSWER**: The allegations of paragraph 28 state legal conclusions to which no response is necessary. To the extent a response is deemed to be required, Defendants, and each of them, deny that 47 U.S.C. § 227(c) provides additional statutory damages based upon subscriber privacy rights.

Paragraph No. 29: During the early 1990's, Congress passed the TCPA that set up a national database to list telephone numbers that did not want to receive solicitation calls pursuant to 47 U.S.C. § 227(c)(3). As discussed supra, Mr. McKevitz registered his cell number on the National Do- Not-Call list years before he received the first solicitation call from the Defendants.

**ANSWER**: The allegations of paragraph 29 state legal conclusions to which no response is necessary. To the extent a response is deemed to be required, Defendants, and each of them, are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefore deny those allegations.

Paragraph No. 30: Defendants ignored the readily available National Do-Not-Call list and proceeded to solicit Mr. McKevitz on 24 separate occasions.

**ANSWER**: In response to the allegations of paragraph 30, Defendants, and each of them, deny.

Paragraph No. 31: The recipient of a telemarketing call, regardless of the call being a robocall or placed an actual person, has a private right of action when more than one telephone solicitation occurs within any 12-month period pursuant to 47 U.S.C. 227(c)(5). This action is independent of the abovementioned auto-dialer and provides additional damages.

**ANSWER**: The allegations of paragraph 31 state legal conclusions to which no response is necessary. To the extent a response is deemed to be required, Defendants, and each of them, deny.

Paragraph No. 32: Here, the Defendants, or its agents, initiated telephone solicitation on 24 separate occasions from April 13, 2015 to November 30, 2017. The time between the numerous solicitations was less than 12 months. Therefore, Defendants violated the Act on 24 separate occasions.

**ANSWER**: In response to the allegations of paragraph 32, Defendants, and each of them, deny.

Paragraph No. 33: A defense to this particular private right of action is for the telemarketer to establish and implement, "with due care, reasonable practices and procedures to effectively prevent telephone solicitations" pursuant to 47 U.S.C. 227(c)(5)(C). Typically, reasonable practices include the solicitor developing its own do-not-call list for the robocall equipment and the live callers. However, Defendants have a track record of ignoring due care with its practices and procedures.

**ANSWER**: The allegations of paragraph 32 state legal conclusions to which no response is necessary. To the extent a response is deemed to be required, Defendants, and each of them, deny.

Paragraph No. 34: In *Bee, Denning, Inc., et al v. Capital Alliance and Narin Charanvattanikit,* United States District Court, Southern District of California docket # 3:13-cv-02654 (a class action lawsuit against Capital Alliance Group and Mr. Charan also relating to violations of TCPA that was settled), the Court ruled as part of the settlement that the Defendants shall:

    a.      Establish written procedure of TCPA compliance;

    b.      Conduction annual training sessions directed to TCPA compliance;

    c.      Maintain a list of telephone numbers of persons who request not to be contacted;

    d.      Subscribe to a version of the National Do-Not-Call registry obtained no more than three months prior to the date any call is made (with records documenting such compliance);

e.  Establish internal processes to ensure that successors do not sell, rent, lease, purchase or use the do-not-call list database in any manner except in compliance with TCPA regulations;

f.  Scrub for cellular telephones before making autodialed calls or calls made with an artificial voice or use of prerecorded messages;

g.  Not call cellular telephones prior to receipt of the express written permission of the intended recipient, including the intended recipient's signature;

h.  All prerecorded messages, whether delivered by automated dialing equipment or not, must identify the Defendants or any successor entity, and specific "d/b/a" as an entity responsible for initiating the call, along with the telephone number that can be used during normal business hours to ask not to be called again;

i.  All fax transmissions that include "unsolicited advertisements" as defined in 47 U.S.C. 227(a)(4) must be preceded by a receipt of express written pemnss1on of the intended recipient, including intended recipient's signature; and,

j.  Successors must maintain records demonstrating that recipients have provided such express permission to send fax advertisements. (See Document 81 of *Bee, Denning, Inc., et al v. Capital Alliance Group and Narin Charanvattanikit,* Order Granting Motion for Final Approval of Class Action Settlement and Motion for Attorney Fees and Incentive Awards, filed November 18, 2016).

**ANSWER**: In response to the allegations of paragraph 34, Defendants, and each of them, admit only that in November 2013 a baseless class action lawsuit was filed in the United States District Court for the Southern District of California, captioned *Bee, Denning, Inc., et al v.*

*Capital Alliance and Narin Charanvattanikit,* No. 3:13-cv-02654 against defendants herein

Capital Alliance Group and Narin Charanvattanakit, and that a class settlement was approved

by the court without payment of any award to absent class members, without attorneys fees

to class counsel, and for injunctive relief only. Defendants, and each of them, deny that

Capital Alliance Partners LLC or Mark Mendoza were party to the *Bee* action or bound by

its terms. Defendants, and each of them, further deny that any Defendant herein is in

violation of any portion of the Court's orders in *Bee*.

Paragraph No. 35: Mr. McKevitz has received telephone solicitation from the Defendants

from mid-2015 to late-2017.The abovementioned Order in the Bee, Denning, Inc. matter was

filed on November 11, 2016. The Defendants continued to solicit Mr. McKevitz for over a year

after the California Court ordered them to adhere to reasonable practices and procedures in order

to eliminate illegal telephone solicitations.

**ANSWER**: In response to the allegations of paragraph 35, Defendants, and each of them,

deny that Capital Alliance Partners LLC or Mark Mendoza were party to the *Bee* action or

bound by its terms. Defendants, and each of them, further deny that any Defendant herein is

in violation of any portion of the Court's orders in *Bee*. In response to the remaining

allegations of this paragraph, Defendants, and each of them, deny.

Paragraph No. 36: In addition, Mr. McKevitz, personally and through counsel, asked the

Defendants on several occasions, without success, to provide documentation of their telephone

solicitation practices and procedures. Obviously, the Defendants have ignored the specific

requirements in the Bee, Denning, Inc. order of settlement.

**ANSWER**: In response to the allegations of paragraph 36, Defendants, and each of them, deny.

Paragraph No. 37: The damages are $500.00 for each illegal call pursuant to 47 U.S.C. 227(c)(5)(B). The court may treble the damages up to $1,500.00 for willful and knowing violations which, in light of the abovementioned, the Defendants are certainly performing willful and knowing violations of Mr. McKevitz's privacy rights. Therefore, the Court should treble the damages for each illegal solicitation pursuant to 47 U.S.C. 227(c)(5)(C).

**ANSWER**: The allegations of paragraph 37 state legal conclusions to which no response is necessary. To the extent a response is deemed to be required, Defendants, and each of them, deny they violated the TCPA, deny Plaintiff is entitled to the relief he seeks or any relief whatsoever, and deny all remaining allegations of paragraph 37.

Paragraph No. 38: Mr. Charan posted the following libelous comment on the "Stephen H. Byrd, Attorney-at-Law" Facebook page on January 4, 2018 (Exhibit 1): "Stephen H. Byrd and Andrew McKevitz of Montvale Air Park abuse the legal process and employ extortion and harassment tactics for profit. They systematically leverage the cost and inconvenience of the legal process to force business owners to pay money for frivolous claims. Please contact me for details".

**ANSWER**: In response to the allegations of paragraph 38, Defendants, and each of them, deny.

Paragraph No. 39: This written publication falsely accuses Mr. McKevitz of being an extortionist and one that practices harassment. In addition, the post encourages others to contact Mr. Charan so he can further slander Mr. McKevitz

**ANSWER**: In response to the allegations of paragraph 39, Defendants, and each of them, deny.

Paragraph No. 40: Mr. Charan recklessly disregarded the truth with these attacks on Mr. McKevitz's character. The post was intended to harm Mr. McKevitz's reputation by lowering him in the estimation of the community and by detering third persons from associating or dealing with him. In addition, Mr. Charan intended to prejudice Mr. McKevitz's trade and business by intentionally mentioning his involvement with Montvale Air Park.

**ANSWER**: In response to the allegations of paragraph 40, Defendants, and each of them, deny.

Paragraph No. 41: Plaintiffs believe that this libelous post was in fact posted by Defendant Narin Charanvattanakit aka Narin Charan. The Facebook name that created the post was "Narin Charan." Mr. Charan admitted that his alias is "Naran Charan" in document 14 of David Meyer, et al. v. Capital Alliance Group, et al, United States District Court, Southern District of California, 14-cv-2405 (another class action lawsuit against Mr. Charan also relating to violations of TCPA that was settled). In addition, the "Naran Charan" Facebook page lists www.CapitalAlliance.com as a related website, which is the website for Defendant Capital Alliance Group (Exhibit 2).

**ANSWER**: In response to the allegations of paragraph 41, Defendants, and each of them, deny.

Paragraph No. 42: PREMISES CONSIDERED, Plaintiff Andrew McKevitz demands this Honorable Court to award: Damages of $36,000.00 based upon use of an automatic telephone dialing system.

**ANSWER**: Regarding Plaintiff's prayer for relief (premises considered) as set forth in paragraph 42, Defendants, and each of them, deny the Plaintiff is entitled to any relief whatsoever against any Defendant.

Paragraph No. 43: PREMISES CONSIDERED, Plaintiff Andrew McKevitz demands this Honorable Court to award: Damages of $36,000.00 based upon violations of subscriber privacy rights.

**ANSWER**: Regarding Plaintiff's prayer for relief (premises considered) as set forth in paragraph 43, Defendants, and each of them, deny the Plaintiff is entitled to any relief whatsoever against any Defendant.

Paragraph No. 44: PREMISES CONSIDERED, Plaintiff Andrew McKevitz demands this Honorable Court to award: Damages of $100,000.00 against Defendant Narin Charanvattanakit aka Narin Charan for the tort of libel against Plaintiff Andrew McKevitz.

**ANSWER**: Regarding Plaintiff's prayer for relief (premises considered) as set forth in paragraph 44, Defendants, and each of them, deny the Plaintiff is entitled to any relief whatsoever against any Defendant.

Paragraph No. 45: PREMISES CONSIDERED, Plaintiff Andrew McKevitz demands this Honorable Court to award: Damages for all violations total $172,000.00.

**ANSWER**: Regarding Plaintiff's prayer for relief (premises considered) as set forth in paragraph 45, Defendants, and each of them, deny the Plaintiff is entitled to any relief whatsoever against any Defendant.

Paragraph No. 46: PREMISES CONSIDERED, Plaintiff Andrew McKevitz demands this Honorable Court to award: Pre-judgment and post-judgment interest.

**ANSWER**: Regarding Plaintiff's prayer for relief (premises considered) as set forth in paragraph 46, Defendants, and each of them, deny the Plaintiff is entitled to any relief whatsoever against any Defendant.

Paragraph No. 47: PREMISES CONSIDERED, Plaintiff Andrew McKevitz demands this Honorable Court to award: Court costs and other litigation expenses.

**ANSWER**: Regarding Plaintiff's prayer for relief (premises considered) as set forth in paragraph 47, Defendants, and each of them, deny the Plaintiff is entitled to any relief whatsoever against any Defendant.

Paragraph No. 48: PREMISES CONSIDERED, Plaintiff Andrew McKevitz demands this Honorable Court to award: Plaintiff request further and general relief in law and equity that the Court deems appropriate.

**ANSWER**: Regarding Plaintiff's prayer for relief (premises considered) as set forth in paragraph 48, Defendants, and each of them, deny the Plaintiff is entitled to any relief whatsoever against any Defendant.

## DEFENSES TO PLAINTIFF'S COMPLAINT

Without assuming the burden of proof where it otherwise lies with Plaintiff, Defendants assert the following defenses to Plaintiff's Complaint.

## FIRST DEFENSE

Defendants, and each of them, state the Plaintiff's Complaint fails to state a claim upon which relief may be granted and should therefore be dismissed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Defendants, and each of them, lack subject matter or in personam jurisdiction in the Eastern District of Tennessee.

## THIRD DEFENSE

Defendants, and each of them, aver that venue is either improper and/or would be more appropriate in another jurisdiction. Plaintiff's Complaint specifically alleges that Defendants are violating the Central District of California's November 18, 2018 Order Granting Motion for Approval of Class Action Settlement, No. 13-cv-02654-BAS(WVG), Dkt No. 81. The Central District of California's Order states that the "Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Settlement Agreement."

## FOURTH DEFENSE

The Complaint is barred, in whole or in part, to the extent the Plaintiff provided "prior express consent" to Defendants, or any of them. *See* 47 U.S.C. § 227(b)(1)(A).

## FIFTH DEFENSE

Defendants, and each of them, acted in good faith and specifically deny they engaged in a willful and knowing violation of the TCPA toward Plaintiff.

## SIXTH DEFENSE

Any violation of the TCPA was unintentional and resulted from a bona fide error notwithstanding the reasonable practices and procedures established and implemented by Defendants, and each of them, to effectively prevent communications in violation of the TCPA. *See* 47 U.S.C. § 227(c)(5).

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff was not the intended recipient of the telephone calls and/or was not the sole subscriber to the telephone number.

## EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants, and each of them, did not use an "automatic telephone dialing system" or "prerecording messaging system" to contact Plaintiff.

## NINTH DEFENSE

Plaintiff's claims may be subject to a pre-dispute binding arbitration agreement. 9 U.S.C. § 1, et seq.

## TENTH DEFENSE

The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff, which amount to and constitute estoppel, wavier, laches, unclean hands, and other equitable doctrines as a bar to the claims of the Plaintiff.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has not suffered actual damages and has failed to mitigate damages, if any.

## TWELFTH DEFENSE

Plaintiff is not entitled to attorneys' fees.

**THIRTEENTH DEFENSE**

If Plaintiff suffered or sustained any loss, injury or damage, the same was directly and proximately caused and contributed to by the intervening acts of others and not by Defendants, or any of them.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent Plaintiff was not charged for calls made by any Defendant. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts of which they complain.

**SIXTEENTH DEFENSE**

The imposition of liability and/or statutory damages under the TCPA, as sought in the Complaint, would violate provisions of the United States Constitution, including the Due Process Clause and prohibition of excessive fines and punishment.

**SEVENTEENTH DEFENSE**

The interpretations of the TCPA, upon which the Complaint is based, are unconstitutionally vague and overbroad, and thus violate provisions of the United States Constitution, including the Due Process Clause.

**EIGHTEENTH DEFENSE**

Plaintiff has failed to specify all of the provisions of the TCPA and regulations which he contends were violated. To the extent the Plaintiff relies on a provision of the TCPA or

regulations that does not provide for a private right of action, Defendants, and each of them, assert as a defense the lack of a private right of action for such alleged violations.

## NINTEENTH DEFENSE

Defendants, and each of them, incorporate herein by reference all provisions set forth within 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulation) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth therein.

## TWENTEITH DEFENSE

Plaintiff's claims of libel are barred because any statements made by any Defendant were true or substantially true.

## TWENTY-FIRST DEFENSE

Plaintiff's claims of libel are barred by the litigation privilege and/or any privilege that applies to statements made in the context of judicial proceedings.

## TWENTY-SECOND DEFENSE

Plaintiff's claims of libel are barred because any statements made by defendants were made pursuant to absolute and/or qualified privilege.

## TWENTY-THIRD DEFENSE

Plaintiff's claims of libel are barred because any statements made by any Defendant were privileged, and made in self-defense and/or to warn others about harm or danger

## TWENTY-FOURTH DEFENSE

Plaintiff's claims of libel are barred because any statements made by any Defendant were mere opinion and not statements of fact.

## TWENTY-FIFTH DEFENSE

Defendants, and each of them, state that, following completion of discovery and investigation into this matter, additional defenses may become available. Defendants, and each of them, reserve the right to assert additional defenses, counterclaims, and claims for set-off that may be discovered in the course of these proceedings. Defendants, and each of them, further reserve the right to assert additional defenses, counterclaims, and claims for set-off.

WHEREFORE, having fully responded to the Complaint of the Plaintiff, Defendants, and each of them, deny the Plaintiff is entitled to any of the relief requested in the Complaint, and prays that the Complaint be dismissed in its entirely, with prejudice. Defendants, and each of them, further pray that a judgment be entered in their favor and for such other relief as the Court deems just and appropriate.

Dated May 21, 2018                          Respectfully submitted,

s/ Cathy H. Morton
Cathy H. Morton, Esq. Tn BPR 010240
Kizer-Black Attorneys, PLLC
217 E. Broadway Ave.
Maryville, TN. 37804
Tel: 865-980-1602
Fax: 865-908-1643


THE RESTIS LAW FIRM, P.C.


s/William R. Restis
William R. Restis, Esq.
550 West C Street, Suite 1760
San Diego, CA 92101

Tel: +1.619.270.8383
Fax: +1.619.752.1552
Email: william@restislaw.com

ATTORNEY FOR DEFENDANTS
*(Pro hac vice forthcoming)*