UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ANDREW McKEVITZ,<br><br>　　　　　Plaintiff,<br>v.<br><br>CAPITAL ALLIANCE GROUP, CAPITAL ALLIANCE PARTNERS, LLC, NARIN CHARANVATTANAKIT aka NARIN CHARIN and MARK MENDOZA<br><br>　　　　　Defendant. | Case No: 3:18-cv-00131-JRG-HBG |

REPLY IN SUPPORT OF MOTION TO TRANSFER
TO THE SOUTHERN DISTRICT OF CALIFORNIA
PURSUANT TO 28 U.S.C. § 1404 DUE TO
"EXCLUSIVE AND CONTINUING JURISDICTION"
FROM PRIOR CLASS ACTION SETTLEMENT

In opposition to defendants Capital Alliance Group, Capital Alliance Partners, LLC, Narin Charanvattanakit aka Narin Charan, and Mark Mendoza's (collectively "Defendants") Motion to Transfer (the "Motion"), Plaintiff Andrew McKevitz ("Plaintiff") makes the following arguments, none of which are persuasive:

(1)     the phone number from which Defendants allegedly called Plaintiff is different from a number that was at issue in *Bee, Denning Inc. v. Capital Alliance Group, et al.*, 3:13-cv-02654-BAS-WVG (S.D. Cal.) (the "*Bee* Action" which produced the "*Bee* Settlement"). McKevitz Opposition, Dkt No. 25, at ¶ 2;

(2)     Plaintiff's lawsuit includes a pendant "separate defamation claim" ancillary to Plaintiff's TCPA claim. *Id.*, ¶¶ 2 and 4;

(3)     Plaintiff sued additional Defendants herein "that were not part of the *'Bee'* Settlement." *Id.*; and

(4)     "The current venue … is appropriate." *Id.*, ¶ 5.

As a preliminary point, Plaintiff's proffered justifications for avoiding transfer are irrelevant under 28 U.S.C. § 1404(a). This is because Plaintiff's arguments fail to address whether "the action could have been brought" in the Southern District of California, "a transfer would promote the interests of justice" or "would serve the parties and the witnesses' convenience." *Boys v. Mass Mut. Life Ins. Co.*, 2013 U.S. Dist. LEXIS 103242, at *5 (E.D. Tenn. July 24, 2013) (Varlan J.). In fact, Plaintiff does not dispute that this case "could have been brought" in the Southern District of California, or that transfer "would serve the parties and the witnesses' convenience." As such, Plaintiff concedes that these factors weigh in Defendants' favor. *See Taylor v. UnumProvident Corp.,* 2005 U.S. Dist. LEXIS 36840, at *7 (E.D. Tenn. Dec. 14, 2005) ("Plaintiff failed to respond

to certain of Defendants' arguments. … A responding party waives any opposition to an opponent's argument …by failing to respond to [it].") (citing cases and E.D. TN. LR. 7.2).

Plaintiff's first argument concerning the number from which Plaintiff was allegedly called is a red-herring. This is because Plaintiff's Complaint explicitly alleges that Defendants are in violation of the *injunction* ordered by the *Bee* Settlement. In Paragraph 34 of Plaintiff's Complaint, he alleges that the Southern District of California enjoined Defendants Capital Alliance Group and Narin Charan from engaging in certain practices. Dkt No. 1, ¶ 34. Plaintiff's Complaint then alleges that Defendants are in violation of that injunction. *Id.*, ¶ 35 ("The Defendants continued to solicit Mr. McKevitz for over a year after the California Court ordered them to adhere to reasonable practices and procedures in order to eliminate illegal telephone solicitations.")

Plaintiff thus fails to offer any justification why the alleged calls from Defendants fall outside the "exclusive and continuing jurisdiction" of the Southern District of California to enforce the very injunction on which Plaintiff relies. This alone is sufficient to warrant transfer. *Boys*, 2013 U.S. Dist. LEXIS 103242, at *10-11.

The fact that Plaintiff has sued additional parties – without explaining how they are liable – does not change this analysis. Neither does the fact that Plaintiff has pled a pendant defamation claim. This is because the Court's inquiry is not focused on identity of the parties or claims, but whether the settled action and the case sought to be transferred "hinge upon the same factual nuclei." *Durham Prods., Inc. v. Sterling Film Portfolio, Ltd., Series A*, 537 F. Supp. 1241, 1244 (S.D.N.Y. 1982). In *Durham* – cited approvingly by the Honorable Judge Varlan in *Boys* – the Southern District of New York considered what "factual issues [are] common to these actions…" *Id.* Here, they are legion.

Aside from the overlap of Plaintiff's claims with the injunction issued in *Bee*, the most obvious common factual issue is whether Defendants engaged in conduct that violated the TCPA. While the *Bee* Action focused on a different outgoing telephone number than Plaintiff herein, Plaintiff concedes that his claim falls within the class period certified, litigated and settled in *Bee*. McKevitz Opposition, at ¶ 8. Even Plaintiff's pendant defamation claim arises out of this same nucleus of operative facts because it is based on an alleged Facebook post that claims Plaintiff and his counsel "abuse the legal process and employ extortion and harassment tactics for profit… [by] forc[ing] business owners to pay money for frivolous [TCPA] claims." Complaint, ¶ 38.

Plaintiff's defamation claim will rise or fall on the truth of these statements, which in turn depend on the *bona fides* of Plaintiff's claim. *E.g., Williams v. Detroit Bd. of Educ.*, 306 F. App'x 943, 948 (6th Cir. 2009) ("Ordinarily, defendants may assert truth as an affirmative defense to a defamation claim. Where defendants' statements relate to a <u>matter of concern</u>, however, the plaintiff bears the burden of proving they are false.") (emphasis added); *see also* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action… that they form part of the same case or controversy…")[1]

---

[1] Plaintiff's Complaint contains no factual allegations that support his claim of $100,000 in damages from this alleged defamation, *or even an allegation that he suffered any damages at all*. *See* Compl., ¶¶ 38-41. To the extent Plaintiff's TCPA claim is dismissed, it is unlikely that Plaintiff can satisfy the amount in controversy to maintain diversity jurisdiction in federal court. *See* 28 U.S.C. § 1332(a); *also Gen. Aluminum Mfg. Co. v. Apogee Tech., Inc.*, 2016 U.S. Dist. LEXIS 29482, at *5 (N.D. Ohio Mar. 8, 2016) (dismissal for lack of subject matter jurisdiction is appropriate where "from the face of the pleadings, it is apparent, to a legal certainty" that the amount in controversy cannot be met).

And even if relevant to the issue of transfer (it isn't), Plaintiff's assertion that "[t]he current venue … is appropriate" is likely incorrect. McKevitz Opposition, ¶ 5. This is because venue is generally proper in "a judicial district in which any defendant resides…" 28 U.S.C. § 1391(b)(1) and (c). Even Plaintiff admits that none of the Defendants reside in this judicial district. *See* Complaint, ¶¶ 2-5.

And it can hardly be said that the alleged telemarketing calls or Facebook post "occurred" in this District, since Plaintiff admits the alleged wrongful conduct emanated from California. *See Id.*, ¶¶ 2-3, 10-11. The only connection with this District was where Plaintiff allegedly *received* calls from Defendants. But "only those acts or omissions with substantial, rather than tangential, connections to a plaintiff's claims can establish venue." *Reilly v. Meffe*, 6 F. Supp. 3d 760, 766 (S.D. Ohio 2014). Even the case cited by Plaintiff suggests that venue is improper in this District. *See* McKevitz Opposition, ¶ 14 citing *Capital Specialty Ins. Corp. v. Splash Dogs, LLC*, 801 F.Supp.2d 657, 675 (S.D. Ohio 2011) ("Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a <u>remote district</u> having no real relationship to the dispute… courts focus their inquiry on the <u>defendant's relative activities</u>.") (emphasis added).

The federal venue statute focuses on the residency of *defendants*, and where their conduct occurred, because non-party witnesses need to be within the subpoena power of the Court. *Cf.* FED. R. CIV. P. 45(c)(A). Plaintiff fails to address this issue, and instead concedes through silence that the interests of the parties and witnesses are served by transfer. *See Boys*, 2013 U.S. Dist. LEXIS

103242, at *13 (in considering a motion to transfer "convenience of the witnesses, particularly nonparty witnesses, is often of paramount importance.")[2]

Because all factors – except Plaintiff's choice of forum – strongly weigh in favor of transfer to the Southern District of California, Defendants' Motion should be granted, and Plaintiff's defective request for attorney fees and costs should be denied.[3]

Dated June 23, 2018     Respectfully submitted,

  /s/ William R. Restis
William R. Restis, Esq. (*pro hac vice granted*)
THE RESTIS LAW FIRM, P.C.
550 West C Street, Suite 1760
San Diego, CA 92101
Tel: +1.619.270.8383
Email: william@restislaw.com

Cathy H. Morton
Cathy H. Morton, Esq. Tn BPR 010240
Kizer-Black Attorneys, PLLC
217 E. Broadway Ave. Maryville, TN. 37804
Tel: 865-980-1602

ATTORNEYS FOR DEFENDANTS

---

[2] Defendants answered in this case not because they believe Plaintiff has adequately alleged venue, but because they were in default. Thus, they did not raise these issues by motion under Rule 12(b), but instead reserved challenge to them in Defendants' Joint Answer. *See* Dkt No. 18, at p. 4, Answer to Complaint Paragraph No. 7 ("Defendants, and each of them, deny this Court has personal jurisdiction over them, and further deny that Defendants, or any of them, 'reside' in this District or that venue is proper in the Eastern District of Tennessee.")

[3] There is no basis in the Federal Rules of Civil Procedure, nor any statute or contract that would support Plaintiff's request for attorney fees and costs, especially in opposition to a motion. *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1301 (6th Cir. 1991) ("The federal courts have only a limited power to shift fees in the absence of a federal statute authorizing it…. courts have no 'roving authority to allow counsel fees as costs or otherwise whenever the courts might deem them warranted.")

CERTIFICATE OF SERVICE

      I hereby certify that on June 23, 2018 a true copy of the foregoing *Reply in Support of Motion to Transfer to the Southern District of California Pursuant to 28 US.C. §1404 Due To Exclusive and Continuing Jurisdiction" From Prior Class Action Settlement* and (ii) this Certificate of Service, were electronically filed with the Clerk of the Court using the CM/ECF system, which system will serve by electronic service on all counsel of record.

                                             /s/ William R. Restis
                                             William R. Restis, Esq.