UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ANDREW McKEVITZ,<br><br>          Plaintiff,<br>v.<br><br>CAPITAL ALLIANCE GROUP,<br>CAPITAL ALLIANCE PARTNERS,<br>LLC, NARIN CHARANVATTANAKIT<br>aka NARIN CHARAN and MARK<br>MENDOZA<br><br>          Defendant. | Case No: 3:18-cv-00131-JRG-HBG |

DEFENDANTS' 26(f) REPORT AND CASE MANAGEMENT STATEMENT

Counsel for Plaintiff Andrew McKevitz ("Plaintiff") and defendants Capital Alliance Group, Capital Alliance Partners, LLC, Narin Charanvattanakit aka Narin Charan, and Mark Mendoza's (collectively "Defendants") participated in the FED. R. CIV. P. 26(f) conference on June 19, 2018, pursuant to the Court's May 21, 2018 Order (Dkt No. 20). Defendants drafted and submitted a proposed Joint Case Management Statement for Plaintiff's input on June 25, 2018 reflecting the matters on which they agree and expressing their respective views concerning the issues on which they disagree. Defendants asked again for Plaintiff's input to the Joint Report on July 1, 2018. At the time of filing this Report, Defendants have not received a response from Plaintiff and accordingly submit this Report solely on their own behalf.

## I. JURISDICTION AND VENUE

### A. Plaintiff's Contentions

Not available.

### B. Defendants' Contentions

As described in Defendants' currently pending motion to transfer venue, Defendants dispute that venue is proper in this District.

## II. NATURE AND BASIS OF CLAIMS AND DEFENSES

### A. Plaintiff's Contentions

Not available.

### B. Defendants' Contentions

Plaintiff's Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*, the "TCPA") claim against Defendants is without merit. As described below, none of the Defendants utilize an automatic telephone dialing system ("ATDS"), which is an essential element of Plaintiff's

Page 1 of 10

Case 3:18-cv-00131-JRG-HBG  Document 27  Filed 07/03/18  Page 2 of 11  PageID #: 156

claim. As described below, Plaintiff consented to receiving the calls, which also voids his TCPA claim.

Moreover, Capital Alliance Group ("Capital Alliance") is the only defendant that makes telephone calls, so there is no basis for TCPA liability against the other Defendants. And Plaintiff's defamation claim must fail because Plaintiff has not alleged, and cannot substantiate, damages. Thus, in the absence of a cognizable TCPA claim, Plaintiff cannot establish the amount in controversy to support diversity jurisdiction in federal court. Plaintiff's defamation claim must also fail because any statements made by Defendant Charan were true, and of a matter of public concern.

Defendant Capital Alliance's sole business is selling loans and lines of credit to small businesses. It has no services that are offered to consumers. Defendant Capital Alliance Partners, LLC ("CAP") underwrites certain loan products, but does not make any phone calls. Defendants Narin Charan and Mark Mendoza are officers and shareholders of Capital Alliance and CAP, but make no phone calls.

On a periodic basis, Capital Alliance purchases lists of business leads from third party data brokers such as Experian, InfoUsa, and Dunn & Bradstreet. When Capital Alliance purchases these leads, it selects from a list of criteria to identify the type of customer to which it wishes to sell services. Specifically, Capital Alliance targets small businesses that have been established for at least one year, with at least $200,000 in annual sales. Capital Alliance requests that the leads exclude business segments it does not wish to service, such as adult industries or firearms manufactures.

At any given time, Capital Alliance employs approximately 5-20 sales representatives ("Sales Rep") that are tasked with making sales calls to these potential leads. Each Sales Rep

is assigned approximately 1000 to 2000 leads per month, depending on the number of active leads that Capital Alliance has at any given time.

These leads are loaded into Salesforce's Customer Relations Management ("CRM") software, which depending on the information Capital Alliance is able to obtain from data brokers, includes information such as business name, address, emails, and phone numbers. The Salesforce CRM is dynamic, and allows Sales Reps to keep track of any interactions with a lead, such as call notes or indications of interest from any given potential customer. This allows Capital Alliance to service potential customers in various stages of closing a deal.

The SalesForce CRM software interacts with a cloud based PBX phone system hosted by third party RingCentral. A cloud PBX is a telephone platform completely managed, stored, and maintained over the Internet. Each Sales Rep has a headset that is connected to their desktop computer, and by extension connected to the RingCentral software.

Each day, Capital Alliance Sales Reps make calls to their leads which are populated in a list in the SalesForce CRM. When a Sales Rep wishes to contact a lead, they click on a detail view within the SalesForce CRM. The software opens a screen with the business' name, owner's name, business name, phone number, email, and any other information in the system as described above. If a phone number is available, it is highlighted by the SalesForce/RingCentral software, which allows the Sales Rep to click on it with their mouse.

With this click, the software dials the number, and the Sales Reps make their pitch. Each call is live and recorded.

When Sales Reps are finished with a call, they open another lead in the SalesForce software, which retrieves another lead. Each Sales Rep is expected to call approximately 200 leads per day.

Capital Alliance used the above described system and process to call the Plaintiff herein. Capital Alliance records show that three (3) calls were made to Plaintiff dated May 2, 2017, July 6, 2017, and August 16, 2017 using the system and process described above. These calls were recorded. This is the only method Capital Alliance uses to make sales calls to potential customers, including Plaintiff.

After Capital Alliance made its initial call to Plaintiff on May 2, 2017, Plaintiff returned the call, and stated *inter alia,* the following: "Capital Alliance Sales Rep: [re first call] it was just a marketing call. So is your business in need of some funding? McKevitz: Oh ok, um, not yet, but **I'm looking for something for next quarter.** I'll shelf this for now then. Agent: Yeah, thank you for calling. Do you want me - here let me transfer you to the removal department. We'll take your number off the list but you have our number so give us a call back next quarter. Is that all right? That way we don't … McKevitz: Yeah that sounds good. Agent: Just follow the instructions." (emphasis added). Despite being given the opportunity, Plaintiff did not remove himself from Capital Alliance's call list. This was likely to induce further "violations" of the TCPA by Capital Alliance. The transcript of the above referenced call reveals that Plaintiff gave his consent to receive calls from Capital Alliance. In total, Capital Alliance

Page 4 of 10

Case 3:18-cv-00131-JRG-HBG   Document 27   Filed 07/03/18   Page 5 of 11   PageID #: 159

records show three (3) inbound calls from Plaintiff during this time, on May 2, 2017, July 6, 2017, and August 16, 2017, which are also recorded.

## II. CONSENT TO UNITED STATES MAGISTRATE JUDGE

If Defendants' motion to transfer venue (Dkt No 23) is denied, it is Defendants' understanding based on the parties Rule 26(f) conference that all parties consent to having this matter heard by a magistrate judge for all purposes.

## III. MOTIONS

### A. Status of Pending Motions

Defendants' motion to transfer this Action to the Southern District of California pursuant to 28 U.S.C. § 1404(a) is fully briefed and awaiting this Court's decision. *See* Dkt Nos. 23, 25, and 26.

### B. Anticipated Pretrial Motions

As soon as practicable, Defendants intend to file motion(s) for summary judgment / summary adjudication.

## IV. AMENDMENT OF PLEADINGS

### A. Plaintiff's Contentions

Not available.

### B. Defendants' Contentions

The time for Plaintiff to amend his Complaint as of right has passed, and Defendants will oppose any motion to amend the Complaint. *See* FED. R. CIV. PROC. 15(a). Absent amendment of Plaintiff's Complaint, Defendants do not anticipate amending their answer.

## V. EVIDENCE PRESERVATION

It is Defendants' understanding based on the parties Rule 26(f) conference that the parties will be working to meet and confer regarding effective and efficient protocols for the

Page 5 of 10

Case 3:18-cv-00131-JRG-HBG   Document 27   Filed 07/03/18   Page 6 of 11   PageID #: 160

collection of necessary electronically stored information ("ESI") from all parties. The parties are aware of their obligations to preserve discoverable materials potentially relevant to this action and have taken steps to preserve it.

## VI. DISCLOSURES

It is Defendants' understanding based on the parties Rule 26(f) conference that the parties agree to exchange their Rule 26(a)(1) initial disclosures within 30 days from any order by this Court denying Defendants' motion to transfer.

Because Defendants intend to produce substantive information (as opposed to merely identifying) with their initial disclosures, Defendants have requested the parties agree entry of a suitable stipulated protective order prior to production.

## VII. DISCOVERY

### A. Format of Production of Documents

Defendants have requested that the parties produce documents via CD or FTP site as single-page TIFF images with OCR load files, but reserve the right to request specific materials in native or other format, and/or with metadata attached. Defendants have requested that production of less than 15 pages of documents may be done via email as PDF files.

### B. Discovery Subjects

#### 1. Plaintiff's Contentions:

Not available.

#### 2. Defendants' Contentions:

In their Rule 26(a)(1) initial disclosures, Defendants intend to fully disclose Capital Alliance's call systems to allow for prompt summary judgment / adjudication of Plaintiff's TCPA claims.

Defendants also intend to pursue written and deposition discovery from Plaintiff, and relevant third parties regarding the following discovery subjects:

(1) TCPA demand letters made by Plaintiff and Plaintiff's counsel;

(2) TCPA litigation filed by Plaintiff and Plaintiff's counsel;

(3) the identity and involvement of any third party financing Plaintiff's litigation; and

(4) the basis and calculation for Plaintiff's damages arising from his defamation claim.

Defendants reserve the right to conduct additional discovery if Plaintiff's allegations in the case change and based upon facts learned during discovery.

### C. Limitations on Discovery

It is Defendants' understanding based on the parties Rule 26(f) conference, that the parties agree that discovery related to Plaintiff's TCPA claim should be phased. First, TCPA discovery should first be limited to whether Defendants utilize an ATDS. Only if Plaintiff succeeds on establishing that Defendants utilize an ATDS should Plaintiff be granted leave to propound additional discovery related to Plaintiff's TCPA claims.

### D. Stipulated Protective Order

Defendants have requested that the parties will negotiate a stipulated protective order for confidential, proprietary, trade secret, and other protected materials.

### E. Electronically Stored Information

Defendants have requested that the parties negotiate electronic and hard copy discovery protocols and procedures in order to effectuate the most cost effective and expeditious discovery plan.

### F. Claims of Privilege

Defendants have requested that the proposed stipulated protective order will contain a clawback provision for inadvertently produced privileged materials.

Defendants have requested that the parties only be required to produce a privilege log for materials created prior to the filing of the initial Complaint.

## IIX. SETTLEMENT AND ADR

### A. Plaintiff's Contentions:

Not available.

### B. Defendants' Contentions:

Defendants submitted a nominal settlement offer to Plaintiff. Absent acceptance by Plaintiff, Defendants intend to seek a judgment from this Court that Capital Alliance's telephone calls do not violate the TCPA. For this reason, Defendants are not amenable to ADR at this time.

## IX. SCHEDULING

*See* Exhibit A, attached hereto, for Proposed Pretrial and Trial Schedule.

## X. TRIAL

Defendant presently estimates that trial in this action will be approximately three (3) days.

/ / /

/ / /

## XI. **OTHER MATTERS**

None at this time.

Dated July 3, 2018                              Respectfully submitted,

 /s/ William R. Restis
William R. Restis, Esq.
*pro hac vice granted,* Cal. St. Bar No. 246823

THE RESTIS LAW FIRM, P.C.
550 West C Street, Suite 1760
San Diego, CA 92101
Tel:  +1.619.270.8383
Email: william@restislaw.com

Cathy H. Morton
Cathy H. Morton, Esq. Tn BPR 010240
Kizer-Black Attorneys, PLLC
217 E. Broadway Ave. Maryville, TN. 37804
Tel: 865-980-1602

ATTORNEYS FOR DEFENDANTS

# EXHIBIT A

# [PROPOSED] PRETRIAL CALENDAR

| Matter | Proposed Deadline |
|---|---|
| Fact (Non-Expert) Discovery Deadline | January 18, 2019 |
| Opening Expert Witness Disclosure and Reports (filed simultaneously by the parties) | February 8, 2019 |
| Rebuttal Expert Witness Disclosure | March 1, 2019 |
| Expert Discovery Deadline | March 29, 2019 |
| Deadline for Filing Dispositive Motions | May 3, 2019 |