UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANDREW McKEVITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-131-HBG |
| | ) | |
| CAPITAL ALLIANCE GROUP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

SCHEDULING ORDER

1. <u>INTRODUCTION</u>:  Pursuant to Fed. R. Civ. P. 16(b), a scheduling conference was held in this cause on July 17, 2018.  Present representing the plaintiff was attorney Stephen Byrd. Present representing the defendant was attorney Cathy Morton.  The following actions were taken:

2. <u>JURISDICTION</u>:  In this case, the subject-matter jurisdiction of the Court is not in dispute.  The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and have specifically consented to the undersigned.

3. <u>SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION</u>:

(a)  The possibility of settlement is unknown at this time.  Counsel will advise the Court if the parties desire Alternative Dispute Resolution (ADR) and the Court's involvement with regard to the same.

4. <u>DISCLOSURE AND DISCOVERY</u>:

(a)  <u>Fed. R. Civ. P. 26(f) Meeting</u>:  The parties will hold a discovery planning meeting as required by Rule 26(f).

(b) <u>Discovery Plan</u>: At the Rule 26(f) meeting, the parties shall, if they have not already done so, develop a discovery plan; however, the parties are excused from filing it with the Court. This discovery plan shall conform to the provisions of Fed. R. Civ. P. 26(f).

(c) <u>Initial Disclosures</u>: If not already made, Rule 26(a)(1) disclosures will be made on or before **August 10, 2018**.

(d) <u>Expert Testimony</u>: Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made by the plaintiff on or before **February 25, 2019**, and by the defendant on or before **March 27, 2019**.

(e) <u>Computer-Generated Animation</u>: If any party intends to offer a computer-generated animation into evidence, the party shall disclose that intention at the time expert disclosures are made pursuant to Fed. R. Civ. P. 26(a)(2). A copy of the animation shall be furnished to all other parties no later than 45 days prior to the filing of pretrial disclosures pursuant to Fed. R. Civ. P. 26(a)(3) [or the close of expert discovery, if that is earlier]. By agreement of the parties, the date of delivery of the animation may be adjourned to no later than the date on which the pretrial order is filed.

(f) <u>Treating Physicians</u>: If the factual basis for the medical professional's trial testimony comes from actual treatment of a party, and is not information learned outside of the role of treating physician, the party is required to provide the disclosures required under Rule 26(a)(2)(C).

(g) <u>Daubert Motions</u>: Motions challenging witness testimony pursuant to Fed. R. Evid. 702 and/or <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), shall be filed on or before **May 10, 2019** or they will be deemed waived.

(h) <u>Depositions</u>: Shall be conducted in accordance with the following guidelines:

(i) counsel shall not direct or request that a witness not answer a question, unless that counsel has

2

objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the Court; (ii) counsel shall not make objections or statements which might suggest an answer to a witness. Counsels' statements when making objections should be succinct, stating the basis of the objection and nothing more; and (iii) counsel and their witness-clients shall not engage in private, off-the-record conferences while the deposition is proceeding in session, except for the purpose of deciding whether to assert a privilege. Counsel may confer with their clients during midmorning, lunch, mid-afternoon, or overnight breaks in the deposition. However, counsel for a deponent may not request such a break while a question is pending or while there continues a line of questioning that may be completed within a reasonable time preceding such scheduled breaks.

(i) <u>Evidence-Presentation Equipment</u>: If either party intends to use electronic, mechanical or other equipment to display evidence at trial, the parties shall confer in an effort to agree on the size, type and location of equipment to be used in the courtroom. If the parties agree, they shall file their joint proposal on the date on which the final pretrial order is due. If the parties cannot agree, each party shall file its proposal on the date on which the pretrial order is due and may comment on the proposal filed by any other party within two business days thereafter.

(j) <u>Pretrial Disclosures</u>: On or before **May 27, 2019**, the parties shall make all pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3), except as to witnesses (see 7(g) and (h) below).

(k) <u>All Discovery</u>: All discovery, including the taking of depositions "for evidence," shall be completed on or before **May 27, 2019**. (Motions to compel must be filed on or before **May 10, 2019**.)

(l) <u>E-Discovery</u>: At the Rule 26(f) meeting, counsel for the parties shall confer and determine whether any party will likely be requested to disclose or produce substantial information

3

from electronic or computer based media. If so, the parties are directed to determine: (i) whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business; (ii) the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business; (iii) the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production; (iv) whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise; (v) whether there are other problems that the parties anticipate may arise in connection with electronic or computer-based discovery; and (vi) the name of the person responsible for each party's document retention policies and the name of the individual through which discovery requests and responses to each party are to be made. It is expected the parties will confer and cooperatively reach an agreement as to how e-discovery will be conducted in this case.

5. <u>AGREED ORDERS</u>: A proposed Agreed Order should be filed as an exhibit to a Joint Motion of the parties requesting entry of same. When filed in this manner, the proposed Agreed Order itself need not be signed by the parties.

6. <u>PRETRIAL ORDERS AND PRETRIAL CONFERENCES</u>:

Unless counsel are otherwise directed by the Court,[1] the following shall govern with regard to pretrial orders and conferences in this particular case.

An agreed pretrial order <u>shall be filed with the clerk</u> on or before **May 27, 2019**. This order shall contain the following recitals:

(a)     Jurisdiction.

---

[1]If otherwise directed, counsel will receive detailed written instructions concerning pretrial conference procedures before a judge or magistrate judge of the Court.

(b)       That the pleadings are amended to conform to the pretrial order.

(c)       Short summary of plaintiff's theory.

(d)       Short summary of defendant's theory.

(e)       The issues to be submitted to the trial judge or jury.

(f)       Stipulations of fact.

(g)       Novel or unusual questions of law or evidence.

(h)       Estimated length of trial (in working days).

(i)       Possibility of settlement.

(j)       Miscellaneous matters that may contribute to the just, speedy, and inexpensive determination of the case.

On **May 10, 2019** (**May 8, 2019** if service by mail), plaintiff's counsel **shall** serve opposing counsel with a proposed pretrial order containing the above items except for the theory of defendant. Within five (5) working days after receipt thereof, opposing counsel <u>shall</u> furnish plaintiff's counsel with defendant's theory and advise of any disagreement as to the issues or other matters in the proposed pretrial order. The parties shall make diligent, good faith efforts to reconcile any differences promptly and without the necessity of the Court's intercession. If the parties cannot agree on a pretrial order, plaintiff's attorney shall notify the undersigned's Judicial Assistant, Holly Nease (545-4260) on or before **May 27, 2019** that the parties have, in a face-to-face conference, been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order or hold a pretrial conference.

Failure to file an agreed pretrial order or to notify the undersigned's Judicial Assistant that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action. *See* Rule 41(b), Fed. R. Civ. P.

A **pretrial conference** is scheduled for **June 18, 2019 at 1:30 p.m.**

7. <u>OTHER SCHEDULING MATTERS</u>:

(a) <u>Joinder of Parties</u>: If any party wishes to join one or more additional parties or amend to add alleged tortfeasors, such joinder or amendment shall be made on or before **February 25, 2019**.

(b) <u>Dispositive Motions</u>: Dispositive motions under Fed. R. Civ. P. 12 and all motions for summary judgment, or partial summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed as soon as possible, but no later than **March 27, 2019**.

(c) Upon filing any dispositive motion, or any other motion which exceeds twenty-five (25) pages (including attachments), a courtesy hard copy shall be mailed or hand delivered to chambers.

(d) <u>Motions in Limine</u>: Any motions *in limine* must be filed on or before **June 11, 2019**, and the opposing party shall respond to any such motions *in limine* on or before **June 18, 2019**.

(e) <u>Special Requests to Instruct for Jury Trial</u>: Any special requests for jury instructions must be filed on or before **June 11, 2019**, and the opposing party shall respond on or before **June 18, 2019**, and each request shall be supported by citations to authority. <u>See</u> E.D.Tenn.L.R. 7.4 and 51.1

(f) All anticipated exhibits will be labeled and sequentially numbered prior to trial. At the inception of trial, counsel will furnish the Court with three (3) copies of their exhibit lists and two (2) notebooks with exhibits, so numbered, and three (3) copies of witness lists.

(g) On or before **May 10, 2019**, the parties shall file a final witness list, covering the information specified in Rule 26(a)(3).

(h)  Within five (5) days after service of a final witness list in (g) above, such list may be supplemented.

(i)  In the event that a party files objections within the time specified by Rule 26(a) to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii), or any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii) and desires the Court to consider such objections, they shall be accompanied by a brief in support thereof.  Unless otherwise directed by the Court, the undersigned will address such objections at the pretrial conference.  Counsel for the parties are reminded that an objection not so made—except for one under Federal Rule of Evidence 402 or 403—is waived unless excused by the Court for good cause.  *See* Fed. R. Civ. P. 26(a)(3)(B).

(j)  <u>Motions for Extensions of Deadlines</u>: Motions seeking extensions of any deadlines set forth in this Order shall be filed **prior to the expiration of the deadline** stated in this Order.  Absent extraordinary or extenuating circumstances, motions filed after the expiration of the deadline shall be denied.

8.  <u>TRIAL</u>:  The trial of this case will be held before United States Magistrate Judge Bruce Guyton, with a jury, beginning on <u>**June 25, 2019 at 9:00 a.m.**</u>  The trial is expected to last four (4) days.  **<u>NOTE</u>:  Should the scheduled trial date change for any reason, the other dates set forth in this Order will not automatically change, but shall remain as scheduled.  However, should the parties desire a change of any of these other dates, they may seek an Order changing those dates.**

(a)  If there are any preliminary matters, counsel shall be present at 8:30 a.m., to take up any such matters which may require the Court's attention.  The parties shall be <u>prepared</u> to commence trial at 9:00 a.m., on the date which has been assigned.

(b) <u>Jury list</u>:  The Clerk may provide counsel with a jury list containing names and personal information concerning prospective petit jurors (hereafter "the jury list").  Counsel and any other person provided with the jury list may not share the jury list or information therein except as necessary for purposes of jury selection.  Following jury selection, counsel and any other person provided the jury list must return to the clerk the jury list and any copies made from the jury list or destroy them.

(c) <u>Contact with jurors:</u> Unless permitted by the Court, no attorney, representative of an attorney, party or representative of a party, may interview, communicate with, or otherwise contact any juror or prospective juror before, during, or after the trial.  Permission of the Court must be sought by an application made orally in open court or upon written motion stating the grounds and the purpose of the contact.  If permission is granted, the scope of the contact and any limitations upon the contact will be prescribed by the Court prior to the contact.

9.  <u>ELECTRONIC CASE FILING</u>:  The Court has implemented Electronic Case Filing ("ECF"), which allows counsel to file and docket pleadings directly from their office via the internet.  ECF also enables counsel to be served with filings from other parties and the court via email.  Information on the ECF system is available on the court's website: www.tned.uscourts.gov. Counsel who are not already registered users are expected to register and utilize such electronic filing or be prepared to explain their failure to do so.  *See* E.D. TN. LR. 5.2(b).

Per Order of all the District Judges, all attorneys practicing in the Eastern District of Tennessee <u>must</u> register as electronic filing users and file their pleadings electronically through the CM/ECF system or show the presiding judge good cause to file and serve documents in the traditional manner.

10.  NON-COMPLIANCE:  Failure to comply with this order may result in the exclusion

of damages, witnesses, exhibits, depositions, and/or videotapes from evidence at trial.

**IT IS SO ORDERED**.

ENTER:

_____

United States Magistrate Judge